# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANTWOIN T. JUDD, #425-948            *

Plaintiff                           *

v                                   *    Civil Action No. JFM-15-1150

JANICE GILMORE, RN                  *
CARLA BUCK, RN
WEXFORD MEDICAL SOURCES, INC.       *

Defendants                          *
                                   ***

## MEMORANDUM

Antwoin T. Judd ("Judd") filed a civil rights complaint under 42 U.S.C. § 1983, seeking money damages and declaratory relief against Wexford Health Sources, Inc. ("Wexford") and two of its employees. Judd, a self-represented prisoner housed at the Western Correctional Institution in Cumberland, Maryland ("WCI"), alleged that his Eighth Amendment right to medical care was violated over a seven month period when prison health care providers at WCI ignored "numerous requests . . . to be seen and treated for fever, vomiting, diarrhea [and] malaise." ECF No. 1 at 3. Judd also alleged he was denied HIV testing and hormone treatment required for "gender re-assignment" purposes.[1] *Id.* As a result, Judd claimed his health has worsened and he has suffered "physical and mental distress and discomfort." *Id.* at 4.

Defendants, contractual medical care providers at WCI, filed a dispositive motion (ECF No. 5), opposed by Judd (ECF No. 8). The motion was granted in part as to the dismissal of defendant Wexford. The court further found that Judd had failed to establish a violation of the

---

[1] Individuals with Gender Dysphoria, also known as Gender Identity Disorder ("GID"), feel strongly that they are not the gender they physically appear to be. They sometimes are referred to as "transgendered." Gender dysphoria is not homosexuality; one's internal sense of gender is not the same as one's sexual orientation. *See* http://www.webmd.com/mental-health/gender-dysphoria.

Eighth Amendment based on records showing assessment and treatment for various chronic ailments as well as HIV testing, which proved negative, and never had discussed GID during his visits with mental health professionals, reserving that topic for his May 1, 2015 discussion with Dr. Ottey.[2] The court concluded that Judd suffered no actual injury as a result of the basic health services provided, despite his refusal to regularly attend chronic care clinics and avail himself of mental health services, including medication. ECF No. 12 (Memorandum of November 10, 2015).

Although a violation of the Eighth Amendment could not be established, the undersigned did not close the case, because two questions remained. First, Judd averred that his written requests for GID assessment were properly submitted to medical personnel and ignored. This averment created an inference that the medical records submitted in support of defendants' dispositive motion were incomplete, and defendants were ordered to address this concern. Second, now that health care professionals are aware that Judd believes he suffers from GID, he is entitled to medical and mental health services based on this need. The court ordered defendants to provide supplemental information concerning any medical and/or mental health care provided to Judd in this regard subsequent to May 1, 2015. *Id.* at p. 9.

Defendants have provided this information.[3] ECF No. 14. Judd has requested evaluation for GID, and a consultation with the appropriate clinic at University of Maryland Health System has been approved. ECF No. 41-1 at pp. 3-4, §§ 14-15. (Affidavit of Doph Druckman, M.D.). Judd has been advised that the consultation is for evaluation purposes only, but if it is determined that he requires GID treatment, he will receive it. *Id.,* p. 4, ¶¶ 15-16.

---

[2] That conversation occurred one week after Judd filed this lawsuit.

[3] Defendants' motion to seal Exhibit 1, attached to ECF No. 14 (ECF No. 15) shall be granted.

Nothing more is constitutionally required. For reasons set forth herein and in the previous memorandum, defendants are entitled to summary judgment. A separate order shall be entered in accordance with this memorandum, and the case shall be closed.

Date: _____

J. Frederick Motz
United States District Judge

DEPUTY
BY
AT BALTIMORE
CLERK'S OFFICE
2016 FEB 11  AM11:49
DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED